HAMLIN, Justice
(concurring in the refusal to grant a rehearing).
Because of the fears expressed in the dissenting opinions that the majority opinion in this case does violence to the jurisprudence, I deem it proper to set out the chronology of events in this matter as disclosed by the record.
August 27, 1965, Russell Alexander charged with murder on August 23, 1965 by affidavit filed August 27, 1965 and given Docket No. 13,424 of the 16th Judicial District Court for the Parish of St. Martin.
September 14, 1965, indictment returned against Alexander by the Grand Jury of the Parish of St. Martin and filed in the 16th Judicial District Court for the Parish of St. Martin under the same docket number as the affidavit, i. e., No. 13,424. In other words, the indictment followed the same course as the affidavit.
The Minutes of the 16th Judicial District Court for the Parish of St. Martin show that on Friday, October 15, 1965, the defendant withdrew his plea of “Not Guilty” so that the following pleas could be heard:
1. Motion to Quash the Indictment;
2. Change of Venue;
3. Motion and Application for Bill of
Particulars ;
4. Prayer for Oyer;
4[5]. Application to Determine the Accused’s Mental Condition.
The Minutes further show that the motion to quash was called for hearing first. Evidence thereon was heard. “The hearing on the motion to quash was continued. The *601 matter was submitted by the attorney for the State and the defendant.”
Next, the motion for change of venue was heard and submitted.
“The Judge ruled as follows: On the motion to quash he informed the attorneys for the State and the defense that this matter would be taken under advisement.
“On the matter to change the venue, the motion was granted and this case was ordered to be tried in Franklin, St. Mary Parish, Louisiana.”
The motion to determine the accused’s mental condition was granted. The motions for prayer for oyer and the bill of particulars were taken under advisement.
The trial judge’s reasons for his ruling on the motion for change of venue are as follows :
“This motion for a change of venue filed by the accused is based on the ground that his accusation of the crime of murder received such wide publicity in this parish that he would be unable to obtain a fair trial at the hands of its residents serving as jurors.
“There is no dispute that the death involved, and the accused’s involvement with it, did receive widespread publicity in the parish. The victim was a well-known lady of the white race, and a member of an old and prominent family. The accused is a Negro.
“The local newspaper carried a front-page news article, accompanied with the accused’s photograph, relating the circumstances of the alleged crime.
“The community is small, and, unavoidably, its citizens discussed the incident and the accused’s alleged connection with it.
“Several of its prominent citizens testified that they did not believe that the accused could receive a fair trial at the hands of a jury drawn from the residents of the parish, as the law requires, however hard they might try to clothe the defendant with the presumption of innocence, to which he is legally entitled.
“We must readily agree with this obvious conclusion. The motion must therefore be granted.
“Accordingly, the trial of this case is ordered transferred to the Parish of St. Mary.
“Rendered in Open Court at St. Martinville, Parish of St. Martin, State of Louisiana, October 15, 1965.
“Read and signed in Open Court at Franklin, Parish of St. Mary, State of Louisiana, December 7, 1965.”
On December 7, 1965, the motion to quash the indictment was granted. The motion to quash is based upon the battleweary argument of systematic exclusion of Negroes, or in the alternative, systematic inclusion of Negroes on the general venire list. The *603 trial judge’s reasons for his ruling thereon are as follows:
“Having found, in the consideration of the motion for a change of venue, that unavoidable prejudice exists in the minds of many of the residents of this parish about the probable guilt of the accused of the crime with which he is charged, it obviously follows that the community reaction probably became reflected in the minds of the Grand Jurors who returned the Indictment.
“Of course, every person charged with a crime is entitled to have the charge presented to, and considered by, an unbiased Grand Jury. We cannot conclude that this right was accorded the accused in this case.
“For these reasons, therefore, the motion to quash the Indictment must be, and is, accordingly granted, and the Indictment is accordingly quashed.”
“RENDERED, READ AND SIGNED IN OPEN COURT AT Franklin, PARISH OF ST. Mary, STATE OF LOUISIANA, THIS 7th DAY OF December, 1965.”
I am of the view that under the facts and circumstances of this case the reasons of the trial judge in each instance are correct.
Reason dictates th.at if the trial j.udge is reversed and another indictment is.returned in St. Martin Parish,' another motion to quash will be filed’ on the ground that the indictment is null because it will have been found by a biased and prejudiced Grand Jury. If the motion is granted, is the accused to be set free ?
It is my further view that in the instant case justice demands that such a situation should not be allowed to occur. Grand Jurors and Petit Jurors are all from the same parish or community. As the trial judge correctly said, “Of course, every person charged with a crime is entitled to have the charge presented to, and considered by, an unbiased Grand Jury.”
An unbiased Grand Jury acted in St. Mary Parish. If it desired, it could have returned a “No True Bill.”
It is my further view that, under the exceptional circumstances of this case LSA— R.S. 15 :209 and LSA-R.S. 15:296, in effect at the time of trial, apply.
Simply stated, the foundation of this prosecution was the filing of the affidavit in the Clerk’s Office of St. Martin Parish, where it was docketed and given a docket number.
The effect of the change of venue was to transfer the affidavit and the illegal indictment, returned by a biased Grand Jury, which followed it, over to St. Mary Parish, so that proceedings could be started anew in that Parish before an unbiased Grand Jury. This was done.
Each case has a separate life of its own. The facts and circumstances of one case *605 are not the facts and circumstances of an-, other. Try as I will, I cannot see where the majority opinion does violence to the jurisprudence cited in the dissenting opinions.
I respectfully concur in the refusal to grant a rehearing herein.